ORIGINAL
FILED IN CLERK'S OFFICE
MAY 15 2008
JAMES N. HATTEN, CLERK
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FDCPA Case Listing Service LLC, )
)
Plaintiff, )
)
v. ) Civil Action No.
) 1 08-CV-1768
Craig Cunningham, )
)
Defendant. )
)

WSD

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, FDCPA Case Listing Service, LLC, Plaintiff in this matter, and files this action pursuant to Rule 57 of the Federal Rules of Civil procedure and 28 U.S.C. § 2201, et seq. for the purpose of determining questions of actual controversy that exist between the parties relating to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq. In support of this Complaint. Plaintiff shows the following:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FCRA.
2. Venue is proper pursuant to 28 U.S.C. § 1391(b).

3. A substantial part of the events giving rise to this Complaint occurred in this Court's judicial district.

## PARTIES

4. Plaintiff is a Delaware limited liability company registered as a foreign corporation in the State of Georgia. Plaintiff's principal office address is 9925 Haynes Bridge Road, Suite 200-142, Alpharetta, Georgia 30022.
5. Plaintiff conducts a substantial part of its business in this Court's judicial district.
6. Defendant is an individual whose physical address is 7984 Nightfall, El Paso, Texas 79932. Defendant's mailing address is P.O. Box 13548, El Paso, Texas 79913.

## STATEMENT OF FACTS

7. Plaintiff gathers information available to the public concerning Fair Debt Collection Practices Act ("FDCPA") cases that are filed in U.S. District Courts nationwide.
8. Plaintiff does not track what happens to cases after they are filed.
9. Plaintiff sells annual subscriptions to the information it gathers.

10. The subscriptions Plaintiff sells are marketed to collection agencies, law firms and debt buying agencies. None of the subscribers to Plaintiff's product are involved in issuing, extending or granting credit.

11. Subscribers are furnished with the information collected by Plaintiff on a monthly basis.

12. The purpose of the information gathered by Plaintiff is to provide subscribers with a list of the cases, the consumers who filed the cases, the attorneys in the cases and the defendants in the cases.

13. It is not the purpose of Plaintiff to provide information that will be used as a factor in establishing a consumer's eligibility for credit or insurance

14. Plaintiff provides its subscribers with a research tool that consolidates public records only on cases filed nationally under the FDCPA in United States District Courts. Current electronic reporting systems provided for public access do not have the capability to effectively segregate FDCPA filings from other complaints within the courts' electronic reporting system. Over 3800 FDCPA cases were filed in U.S. District Courts nationally in 2007, so Plaintiff created a database to place FDCPA filings in a searchable repository for a very specific industry—collection attorneys and collection agencies. Both groups are held accountable to

the FDCPA, and they do not issue, grant or extend credit as defined by the FCRA.

15. On April 2, 2008, Defendant mailed to Plaintiff a letter that stated in full:

> "Dear FDCPA Cases, LLC,
> My name is Craig Cunningham, and I would like to get a copy of my consumer disclosure, pursuant to the Fair Credit Reporting Act. Additionally, what is the phone number for consumers to call in to discuss the consumer disclosure? I didn't see a phone number on your website.
>
> Thanks,
> Craig Cunningham
> P.O. Box 13548
> El Paso, TX 79913."[1]

## STANDARD FOR DECLARATORY JUDGMENT

16. A declaratory judgment may be issued in the case of an actual controversy. 28 U.S.C. § 2201.

17. The Eleventh Circuit Court of Appeals has held that a substantial continuing controversy must exist between two adverse parties to justify issuing a declaratory judgment. Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1347 (11th Cir. 1999).

18. To properly allege a continuing controversy a "plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred.

---

[1] See Exhibit A, attached hereto.

Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." Id.

19. A real and actual controversy exists between the parties as described in 28 U.S.C. § 2201.

20. Pursuant to 28 U.S.C. § 2201 et seq. this Court has the power to determine the rights and liabilities of the parties and give such other relief as is necessary and proper.

## ARGUMENT FOR DECLARATORY JUDGMENT

A. A Continuing Controversy Exists Between The Parties.

21. Defendant's April 2, 2008, letter to Plaintiff creates a controversy between the parties in that Defendant asserts that Plaintiff is required to make disclosures pursuant to 15 U.S.C. § 1681g.

22. The controversy will continue because Defendant has proven himself litigious in the past and can be expected to sue Plaintiff if Plaintiff does not provide the requested disclosures pursuant to 15 U.S.C. § 1681g.[2]

[2] Since 2005, Defendant has filed no less than seven lawsuits in United States Federal District Courts alone Defendant is the plaintiff in the following cases, all filed in the U.S. District Court for the Western District of Texas. Civil Action No. 3:05-cv-00370-KC, Civil Action No. 3:06-cv-00065-FM, Civil Action No. 3:06-cv-00090-DB, Civil Action No. 3:07-cv-00226-KC, Civil Action No. 3:07-cv-

23. Therefore, the controversy is real and immediate. Furthermore, the threat of future injury, in the form of Defendant's impending lawsuit and potentially countless others, is definite and not speculative There is a substantial likelihood that Plaintiff will suffer future injury in the form of lawsuits and the expenditure of time and resources responding to similar future requests from Defendant and other consumers.

24. A declaratory judgment from this Court will serve a useful purpose in clarifying and settling the legal relations between the parties in this action and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

B. <u>Plaintiff Is Not A Credit Reporting Agency Under The FCRA.</u>

25. The Federal Trade Commission's official staff commentary concerning the FCRA states "the terms 'consumer reporting agency' in section 603(f) and 'consumer report' in section 603(d) are mutually dependent and must therefore be construed together" 15 U.S.C § 1681 et seq. (FTC Official Staff Commentary § 600.2). Therefore, if the information compiled by Plaintiff is not a "consumer report" as that term is intended

---

00241-PRM, Civil Action No. 3:07-cv-00244-PRM, and Civil Action No. 3:07-cv-00386-FM. Two of those cases alleged violations of the FCRA.

in the FCRA then Plaintiff is not a "consumer reporting agency" as defined by the FCRA.

26. The Eleventh Circuit Court of Appeals has ruled that under the FCRA the "'communication of information' is not a 'consumer report' unless it is 'used or expected to be used or collected' either (1) to 'serve as a factor in establishing the consumer's eligibility' for credit, insurance or employment; or (2) for 'other purposes authorized under section 1681b....'" Yang v. Government Employees Insurance Company, 146 F.3d 1320, 1323 (11th Cir. 1998).

27. In a footnote in Yang, the Eleventh Circuit explained that it agreed with a Fifth Circuit ruling which states "the purpose for which the information was collected governs whether [a] report is a 'consumer report' under the FCRA...." Id., at 1325, fn.5.

28. The information collected by Plaintiff is not used or expected to be used for any purpose delineated in the FCRA. Neither does Plaintiff collect any information for those purposes.

29. Plaintiff merely gathers information that is made available to the public via the federally judiciary's public access to court electronic records system. A finding that Plaintiff is a credit reporting agency pursuant to

the FCRA would be the equivalent of finding that the federal judiciary is a credit reporting agency under the FCRA.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows and requests from this honorable Court:

a. A declaration that Plaintiff does not collect information that can be considered a "consumer report" for purposes of the FCRA; and

b. A declaration that Plaintiff is not a "credit reporting agency" for purposes of the FCRA.

RESPECTFULLY SUBMITTED this 13th day of May, 2008.

Respectfully submitted,

/s/ John H. Bedard, Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473
*Counsel for Plaintiff*

Franzén and Salzano, P.C.
40 Technology Parkway South, Suite 202
Norcross, Georgia 30092-2906
(770) 248-2885 – Phone
(770) 248-2883 – Fax
e-mail: jbedard@franzen-salzano.com