IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FDCPA CASE LISTING SERVICE,
LLC,

               Plaintiff,

    v.

CRAIG CUNNINGHAM,

               Defendant.

1:08-cv-1768-WSD-AJB

## OPINION AND ORDER

The matter is before the Court on the Final Report and Recommendation (the "R&R") [22] filed by Magistrate Judge Baverman.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v.

State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations

omitted).  "It is critical that the objection be sufficiently specific and not a general

objection to the report."  Macort v. Prem, Inc., 208 Fed. App'x 781, 784 (11th Cir.

2006).  With respect to those findings and recommendations to which objections

have not been asserted, the Court must conduct a plain error review of the record.

United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S.

1050 (1984).

On May 15, 2008, Plaintiff FDCPA Case Listing Service, LLC ("Plaintiff")

filed this action seeking a declaratory judgment, pursuant to the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 et seq., that it is not a "credit reporting agency"

within the meaning of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§

1681 et seq., and that it does not collection information considered a "consumer

report" under the FCRA.  Defendant Craig Cunningham ("Defendant") is a private

party who Plaintiff alleges sent letters to it threatening to file suit under the FCRA,

for which Plaintiff claims it cannot be liable as a matter of law.

On June 10, 2008, Plaintiff filed an Amended Complaint [3], before the

Defendant filed an answer to the original Complaint.  See Fed. R. Civ. P. 15(a)(1).

On June 11, 2008, Defendant filed a motion to dismiss the original complaint [4].  On July 3, 2008, Defendant filed a motion to dismiss the amended complaint [5].  Defendant also filed a motion to strike the Plaintiff's request for attorney's fees in the amended complaint [6].  Defendant's motion to dismiss seeks dismissal for lack of subject matter jurisdiction under the Declaratory Judgment Act, pursuant to Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), improper venue pursuant to Fed. R. Civ. P. 12(b)(3), and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Defendant's three motions remain pending.

On October 7, 2008, Magistrate Judge Baverman entered the R&R.  Judge Baverman recommends granting the Defendant's amended motion to dismiss for lack of subject matter jurisdiction.  Judge Baverman recommends denying as moot the Defendant's initial motion to dismiss and motion to strike, and he recommends denying the Defendant's motion for fees contained in the motion to strike.

The parties have not filed objections to the R&R, which were due on October 27, 2008.[1]  The Court accordingly reviews the R&R for plain error.

---

[1]   The Court's Local Rules require opposition briefs to motions to be filed within ten (10) business days of the motion, and the Court typically affords litigants an extra three (3) days to accommodate service by mail.  See LR 7.1B,

Having conducted a careful and complete review of the record in this action and the recommendations of the R&R, including the governing law cited therein, the Court finds no plain error in Magistrate Judge Baverman's recommendations. The Court lacks jurisdiction over this dispute because the Plaintiff has not shown an "actual controversy," as is required by Article III of the Constitution and the Declaratory Judgment Act, and thus the Plaintiff lacks standing to bring this action. See 28 U.S.C. § 2201(a). The Plaintiff has not shown "a substantial continuing controversy between two adverse parties." Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1347 (11th Cir. 1999), cert. denied, 529 U.S. 1055 (2000) ("The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.") (internal quotations omitted). Plaintiff at most alleges a speculative threat of suit by the Defendant, and this allegation is insufficient to establish standing absent some real and immediate threat of injury. The Court accordingly adopts the R&R in full.

---

NDGa; Fed. R. Civ. P. 6(d). A party is specifically required to file objections to a R&R within ten days of being served with the R&R. 28 U.S.C. § 636(b)(1). Failure to comply with the Court's time limits indicates that the motion is unopposed. LR 7.1B.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Baverman's Final

Report and Recommendation [22] is **ADOPTED**.

The Defendant's Motion to Dismiss [4] is **DENIED AS MOOT**.

Defendant's amended Motion to Dismiss [5] is **GRANTED**.  Defendant's Motion

to Strike [6] is **DENIED AS MOOT**, and Defendant's Motion for Attorney's Fees

[6] is **DENIED**.

This action is hereby **DISMISSED** for lack of subject matter jurisdiction.


**SO ORDERED** this 30th day of October 2008.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE